# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HANSEN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>WELLER, et al,<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S EX PARTE MOTION FOR ALTERNATIVE SERVICE AND GRANTING EXTENTION OF TIME TO SERVE CERTAIN DEFENDANTS**<br><br>Case No. 2:19-cv-1004-HCN-CMR<br><br>District Judge Howard C. Nielson, Jr.<br>Magistrate Judge Cecilia M. Romero |

Before the court is Third Party Plaintiff Branden Hansen's[1] (Hansen or Plaintiff) Ex Parte Motion for Extension of Time to Serve Defendants Dewey Property Holdings, ParkProvo, Alchemy Holding, White Stallion, Courtside Condominiums, Winchester Business Park, Monica Brinton, Sugarhouse Trust, Samuel Longo, Wayne Ross and Redcap Investment Group, LLC (collectively Remaining Defendants) and Motion to Permit Alternative Method of Service if the Court Finds They Have Not Already Been Served (Motion) (ECF 10). Plaintiff seeks to serve Defendants by emailing the summonses and complaint to their attorneys of record as identified by the attorneys that represented Defendants in the Utah State Court Case 170903571 (Utah State Case), which docket is attached as Exhibit A to the Motion. As set forth below, the court GRANTS the request for alternative service and extension of time to serve.

---

[1] The court notes the Motion indicates it was filed on behalf of "Plaintiffs" which is incorrect as the Motion's caption indicates the attorneys that filed the Motion only represent Branden Hansen, and later in the Motion it is clear only Hansen is filing the Motion. The court reminds counsel to be more careful in the future to identify the correct moving party.

## I.     BACKGROUND

In December 2019 the underlying dispute between the parties was removed from Utah State Court to the District of Utah Bankruptcy Court (*see* Utah State Court 170903571, D. Utah Bank. 19-02132).  The matter pending in this proceeding is Debtor Theodore Lamont Hansen's Motion to Withdraw Bankruptcy Reference which requests withdraw of the bankruptcy reference and for all issues between the parties to be litigated in United States District Court for the District of Utah (ECF 2).  To date, only three of the dozens of interested parties have filed a response or opposition to the Motion to Withdraw Bankruptcy Reference (ECF 5, 6).  Plaintiff is now seeking an order finding the Remaining Defendants have been served arguing that each has been placed on notice that a lawsuit has been filed against them and at various points each have had attorneys representing them in Utah State Court (ECF 10).  In the alternative, Plaintiff seeks leave of court for ten additional days to serve the Remaining Defendants by emailing the summonses and complaint to their attorneys of record in underlying state court proceedings between the parties (ECF 10).

## II.     ANALSYIS

Under Fed. R. Civ. P. 4(e)(1), service in a federal district court action may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Hansen seeks service under Utah law, which allows the party seeking service to "file a motion to allow service by some other means" when "the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, . . . or if there is good cause to believe that the person is avoiding service."  Utah R. Civ. P. 4(d)(5)(A).  If the court grants the motion, "the court will order service of the complaint and summons by means

2

reasonably calculated, under all the circumstances, to apprise the named parties of the action." *Id.* Federal Rule of Civil Procedure 5(b)(1) allows for service to be made onto a represented party's attorney. Fed. R. Civ. P. 5(b)(1). However, "'a party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney." *Schmitz v. Diao Duoyuan Printing, Inc.*, No. 11-cv-157-S, 2013 WL 12161450, at *4 (D. Wyo. May 13, 2013) (*quoting Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010).

     Hansen requests that the court allow alternative service on the Remaining Defendants because Hansen has been unable to serve Remaining Defendants despite multiple attempts (and upon belief that Hansen has properly served some of the Remaining Defendants but is not certain). Plaintiff provided evidence of unsuccessful attempts to serve Remaining Defendants. The court finds that Hansen's efforts to locate and serve Remaining Defendants through repeated attempts demonstrates reasonable diligence. Hansen's showing that Remaining Defendants whereabouts cannot be ascertained despite reasonable diligence is sufficient cause for the court to grant service through alternate means. *See* Utah Civ. P. R. 4(d)(5)(A). The court therefore does not reach the issue of whether there is good cause to believe Remaining Defendants are avoiding service.

     Though Hansen requests a finding that Remaining Defendants have already been personally served (ECF 10 at 12-13), the court will instead grant Hansen leave for alternative service by email to Remaining Defendants' counsel of record as indicated in the Utah State Case docket. Counsel of record made appearances in the Utah State Case which suggests there is adequate communication between the various counsel and the Remaining Defendants. The court

3

therefore finds alternative service by email to the attorneys of record in the Utah State Case docket for Remaining Defendants is permitted.

Hansen also requests an extension of time to serve Remaining Defendants pursuant to Federal Rule of Civil Procedure 4(m). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* In light of Hansen's diligent efforts to serve Remaining Defendants, the court finds good cause for an extension of time to serve Remaining Defendant by alternate means.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

(A) Hansen's request for a finding that Remaining Defendants has been personally served is DENIED;

(B) Plaintiff's request for alternative service by email is GRANTED; and

(C) Plaintiff's request for a 10-day extension to serve Remaining Defendants by alternate means as outlined herein is GRANTED.

(D) Plaintiff may effect service of its complaint on Remaining Defendants by sending the complaint and summons to their attorneys of record in the Utah State Case within 10 days of the date of this Order.

(E) Service of the complaint will be complete once Hansen receives a confirmation that the complaint has been sent to the recipient.

(F) A copy of this order must be served with the complaint.

IT IS SO ORDERED.

DATED this 1 April 2021.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah